**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Emma G. REGALADO, Defendant–Appellant.**

No. 00–30313.

D.C. No. CR–99–00068–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided June 27, 2001.

Before B. FLETCHER, BRUNETTI, and FISHER Circuit Judges.

MEMORANDUM *

Emma Regalado appeals from her conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the government failed to establish the elements of a § 846 conspiracy, we reverse Regalado's conviction and remand with instructions that the district court order Regalado's immediate release from custody.

The sole count of the government's indictment charged Regalado with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.[1] Regalado contends that the government presented no evidence to prove that she had agreed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts of this case. We repeat only those that are necessary to explain our decision.

to distribute methamphetamine. Thus, she argues, the evidence presented at her trial is insufficient to support her conviction. We agree.

"In reviewing the sufficiency of evidence after a conviction, we ask whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *United States v. Matsumaru,* 244 F.3d 1092, 1103 (9th Cir.2001).

■ In order to prove conspiracy under § 846, the government must prove (1) an agreement to commit a crime and (2) the defendant's knowledge of the conspiracy's objectives and intent to further them. *United States v. Gil,* 58 F.3d 1414, 1423 & n. 5 (9th Cir.1995). We have held that "[a]lthough an agreement may be inferred from the defendant's acts or from other circumstantial evidence, simple knowledge, approval of, or acquiescence in the object or purpose of a conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient." *United States v. Lennick,* 18 F.3d 814, 818 (9th Cir.1994) (internal quotation marks and citations omitted).

■ The sole count of Regalado's indictment charges conspiracy to distribute methamphetamine. On appeal, the government attempts to support the conviction by arguing that Regalado was part of a conspiracy to distribute methamphetamine in Montana. At trial, the government introduced substantial evidence to show that, on a number of occasions, Regalado, who lived in Phoenix, Arizona, sold and shipped methamphetamine to Molina, who lived in Wolf Point, Montana. However, the government presented no evidence that Regalado made any agreement with Molina or others concerning the subsequent distribution of the methamphetamine she sold Molina.

The government argues that it established that Regalado had "knowledge of the agreement, the nature of the agreement, and the goal of the agreement" to distribute methamphetamine in Montana. However, knowledge of an agreement and its goals is plainly insufficient to establish a defendant's guilt of a § 846 conspiracy. *Lennick,* 18 F.3d at 818. The government must demonstrate that the defendant agreed to accomplish a specific illegal objective and intended to further the objective. *Id.* Moreover, in order to convict Regalado of conspiracy to distribute methamphetamine, the government had to prove more than that Regalado agreed to sell methamphetamine and did sell methamphetamine to Molina: "[P]roof that a defendant sold drugs to other individuals does not prove the existence of a conspiracy. Rather, conspiracy requires proof of an agreement to commit a crime other than the crime that consists of the sale itself. Were the rule otherwise, every narcotics sale would constitute a conspiracy." *Id.* at 819 (internal quotation marks and citations omitted).

At oral argument, the government claimed that it had proved that Regalado's daughter, Suzette, and Larizia Price, a non-relative who was living with the Regalados, were also involved in the alleged conspiracy to sell drugs in Montana through Molina. The government introduced no evidence at trial, however, supporting this assertion. Just as there was no evidence that Regalado's sale of drugs to Molina was anything more than that, so too was there no evidence suggesting that Suzette Regalado or Larizia Price knew of anything more than the existence of simple sales between Regalado and Molina, if that.

At oral argument, and for the first time, the government argued that it had introduced evidence proving the existence of a

**568**

different conspiracy—not the one alleged here between Regalado and Molina to sell drugs in Montana. Rather, the government now argues it also proved the existence of a conspiracy among Emma Regalado, her daughter Suzette, and Larizia Price to sell drugs in Arizona. Although Suzette Regalado and Larizia Price were named in Regalado's indictment as coconspirators, the government failed to introduce sufficient evidence at trial to support this assertion. In addition, that does not appear to have been the government's theory of the case at trial, nor did it argue this particular "conspiracy theory" in its brief.[2]

Viewing the evidence in the light most favorable to the government, we conclude that no rational trier of fact could have found that Regalado had entered into any agreement concerning the distribution of methamphetamine, other than the agreements to sell to Molina. For this reason, we reverse Regalado's conviction and vacate it. Since there is insufficient evidence to sustain a conviction for the sole count of the indictment, we remand this case to the district court with instructions that the court order Regalado's immediate release from custody.[3]

Conviction REVERSED AND VACATED. The district court shall order Regalado's release from custody forthwith.

2. Moreover, the District of Montana is not the proper venue for trying a case involving a conspiracy among people in Arizona to sell drugs in Arizona. Fed.R.Crim.P. 18 (providing for venue "in a district in which the offense was committed").

3. Because we conclude that there is insufficient evidence to sustain Regalado's conviction, it is unnecessary for us to address Regalado's other grounds for appeal.